# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 79628-3-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HASSIE PIP-NEGUS MEGRAVE, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |
| | ) | |

VERELLEN, J. — Hassie Pip-Negus Megrave challenges the sufficiency of the evidence used to prove he intentionally made an open and obscene exposure of himself when he masturbated outside of the lit entrance to an apartment building while facing the windows of the building's residents. Because these circumstances let a rational trier of fact reasonably infer Megrave's intent to expose himself in the presence of another, sufficient evidence supported his conviction.

Therefore, we affirm.

## FACTS

J.B., a resident at The Publix apartment building in Seattle's International District, woke up just before 6:00 a.m. in November of 2018. About 20 minutes later, she looked out of her window to check if it was raining. Although it was dark outside, she could see Megrave sitting in a small alcove entrance to her building,

illuminated by her building's lighting. He was sitting on a blanket with his wheelchair next to him. The alcove was partially obscured from the sidewalk by potted bamboo and Megrave's wheelchair. But looking down into the alcove from her third-floor vantage point, she could clearly see Megrave's genitals while he masturbated. She called the police.

Officer Sean Culbertson arrived at The Publix around 7:15 a.m. By that time, it was daylight. Officer Culbertson parked his patrol car about 30 feet away from Megrave in a parking lot adjacent to the building. From his car, he could see Megrave masturbating. He could not see Megrave's genitals, however, because they were obstructed by his wheelchair. Megrave stopped masturbating about 10 seconds later.

Megrave was arrested and charged with indecent exposure with the intent to commit the crime with sexual motivation. The jury found Megrave guilty of indecent exposure but did not find he committed the crime with a sexual motivation.

Megrave appeals.

<u>ANALYSIS</u>

Megrave's main argument is that the State did not present sufficient evidence to prove he intentionally made an open exposure of himself while masturbating.

When reviewing the sufficiency of the evidence for a conviction, we view the evidence in the light most favorable to the State, draw all reasonable inferences

from the evidence in the State's favor, and interpret the evidence most strongly against the defendant.[1] A claim of insufficiency admits the truth both of the State's evidence and of all reasonable inferences from the evidence.[2] We must determine whether any rational trier of fact could have found the defendant guilty beyond a reasonable doubt.[3]

The indecent exposure statute, RCW 9A.88.010, prohibits "intentionally mak[ing] any open and obscene exposure of his or her person . . . knowing that such conduct is likely to cause reasonable affront or alarm." The State must prove the exposure was intentionally "open and obscene."[4] An exposure was "open" when done in a place with another person present, regardless of whether the defendant's genitals were seen.[5] Megrave does not contest that his conduct was obscene or whether he knew it was likely to cause affront or alarm. The only question is whether Megrave intended to make an open exposure of himself.

Here, Megrave was masturbating adjacent to the lit entrance of a residential apartment building while in full view of a wall of windows, including J.B.'s. And even from the parking lot 30 feet away, Officer Culbertson could still see Megrave was masturbating, although his genitals were obscured by his wheelchair. Megrave chose to expose himself in the lit entrance alcove to a residential

---

[1] State v. Salinas, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992).

[2] Id.

[3] Id.

[4] State v. Swanson, 181 Wn. App. 953, 962, 327 P.3d 67 (2014).

[5] Id. at 965, 967.

building, even though it was still dark outside, while residents such as J.B. were home and waking up. He faced outward from the apartment building, toward residents' windows and a parking lot instead of facing a wall. Based on this evidence, Megrave's intent to masturbate openly "'can be inferred as a logical probability from all the facts and circumstances.'"[6] Because we accept this reasonable inference as true,[7] a rational trier of fact considering these circumstances could find Megrave guilty of indecent exposure beyond a reasonable doubt.

Therefore, we affirm.

_____

WE CONCUR:

_____

---

[6] State v. Johnson, 188 Wn.2d 742, 763, 399 P.3d 507 (2017) (quoting State v. Wilson, 125 Wn.2d 212, 217, 883 P.2d 320 (1994)).

[7] Id. at 762 (quoting Salinas, 119 Wn.2d at 201).